**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 2nd day of November, 2018.**



_____
Robert D. Berger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 18-20838-7 RDB |
| SAMANTHA MARIE RUIZ | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER GRANTING THE CHAPTER 7 TRUSTEE'S APPLICATION AND AUTHORIZING
AND APPROVING THE TRUSTEE'S RETAINMENT OF
BK GLOBAL REAL ESTATE SERVICES
TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327

NOW the above-captioned matter comes before this Court upon the Application of the Chapter 7 Trustee, Christopher J. Redmond, by and through his counsel of record, pursuant to 11 U.S.C. § 327, requesting approval and authority to retain BK Global Real Estate Services in this proceeding. The Trustee filed the Application on September 26, 2018 (Doc# 20), together with a Notice (Doc# 21), which provided for an objection deadline of October 17, 2018. The Trustee served the Application and Notice on the Office of the United States Trustee, Debtor's counsel,

1 | P a g e

the secured creditor and all parties of interest in this matter as shown within the certificate of service within the Application and Notice. To date, no objections or responses have been filed with the Court in this matter, nor have any objections or responses been served upon the Trustee or his counsel concerning this Application to Employ BK Global Real Estate Services.

The Court, having jurisdiction herein, finds as follows:

1. Samantha Marie Ruiz (the "Debtor") filed for relief on April 24, 2018, under Chapter 7 of the United States Bankruptcy Code and Christopher J. Redmond is the duly qualified and acting Chapter 7 Trustee of the bankruptcy estate of Samantha Marie Ruiz.

2. The Debtor scheduled an ownership interest in real property, legally described as follows:

> Lot 2, Douglas Woods, a Subdivision in Wyandotte County, Kansas (commonly referred to as 4905 Douglas Avenue, Kansas City, Wyandotte County, Kansas),

hereinafter referred to as the "Real Property".

3. The Real Property was not the Debtor's homestead at the time of the filing of this bankruptcy proceeding, nor did the Debtor claim the Real Property as exempt.

4. The Debtor's former spouse, Vincent Ivy, also held an ownership interest in the subject Real Property, and on September 5, 2018, Vincent Ivy executed a Quit Claim Deed to Christopher J. Redmond, Trustee of the Bankruptcy Estate of Samantha Marie Ruiz. The bankruptcy estate now holds the undivided interest in and to the subject Real Property.

5. The Debtor listed the Real Property within her schedules as having a value of $80,000.00.

6. The Real Property is subject to the following mortgage(s) or lien(s):

    a. First Mortgage Holder: Nationstar Mortgage dba Mr. Cooper in an amount exceeding $111,004.00;

    b. Second Mortgage Holder: Specialized Loan Servicing (SLS) in an amount exceeding $22,269.27;

    c. Lien(s): None

7. Based upon the market value of the Real Property provided by the Debtor and the information regarding the mortgages on this Real Property, the first mortgage debt is in excess of the market value of the Real Property.

8. Based upon the market value of the Real Property provided by the Debtor and the information regarding the mortgages on this Real Property, the first mortgage debt is in excess of the market value of the Real Property.

9. The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, states on pages 4 – 14 under Section 9 "Sales of Assets" (a) General Standards "A trustee may sell assets only if the sale will result in a meaningful distribution to creditors. The Section further states "the trustee may seek a "carve-out" from a secured creditor and sell the property at issue if the "carve-out" will result in a meaningful distribution to creditors. Further, the Section states "The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

10. BK Global Real Estate Services ("BK Global") provides services to trustees as BK Global has expertise and experience in assisting the trustee in negotiating with secured creditors to accomplish the following:

a. Sell the Real Property under 11 U.S.C. § 363(b) to whichever party the Chapter 7 Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

b. Obtain the release the senior mortgage and waive all of its claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

c. Work with the secured mortgage holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with the § 363 sale, including the payment of a six percent (6%) real estate brokerage commission and reimbursement of their out-of-pocket expenses to BK Global and any associated real estate professional, paid from the proceeds of the sale, and provide a meaningful carve out for the benefit of allowed unsecured creditors of the Debtor(s)' estate; and

d. Make certain the amount of the carve out is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363.

11. BK Global will assist the Chapter 7 Trustee in negotiations with the first mortgage holder to obtain the consent of the first mortgage holder for the sale of the Real Property. A carve out from the sale proceeds of the Real Property for the payment of a six percent (6%) real estate commission to BK Global and any associated real estate professional, and a carve out from the sale proceeds, such amount for the benefit of unsecured creditors of the bankruptcy estate, which will result in a meaningful distribution to the creditors, and upon a successful resolution with the secured creditor, a separate motion will be filed seeking approval of the settlement terms and conditions.

12. BK Global will not be entitled to any fees if the first mortgage holder does not grant its consent or the Court does not grant the motion to approve the sale of the Real Property.

13. In no event will the bankruptcy estate have any obligation to pay BK Global or associated real estate professional for their services, or to pay the customary title and closing services. The terms of the listing agreement and this Application provide that BK Global and listing agent are only entitled to payment if and when (a) secured creditor grants its consent, (b) the motion to approve sale is granted and (c) the Real Property is sold, in which event BK Global and listing agent will receive a six percent (6%) real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses.

14. The Trustee believes that the highest and best value for the Real Property will be generated through a sale in which the Real Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor(s)' bankruptcy estate, but can only be achieved if the secured creditor's consent is first obtained. The Chapter 7 Trustee believes that retaining BK Global and/or an associated real estate professional to obtain the secured creditor's consent is in the best interest of the Debtor(s)' bankruptcy estate.

15. The Trustee submits that the terms of employment and compensation as set out in this application and the listing agreement, are reasonable in light of the extensive experience of BK Global and any associated real estate professional, and the nature of the services they provide. (See Exhibit "A" which was attached to the Application.)

16. BK Global attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 and 2016(a). Attached to the Application as Exhibit "B" was the Affidavit of Disinterestedness of BK Global. BK Global also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than the listing agent or a buyer's agent, if applicable.

The Court, having reviewed the file herein and being fully advised, finds that good cause exists to grant the Trustee's Application and for the entry of this Order.

IT IS, THEREFORE, BY THE COURT ORDERED that the Notice provided by the Trustee on the Application to Retain BK Global Real Estate Services was due, proper and sufficient, and no further or additional notice is necessary or required.

IT IS BY THE COURT FURTHER ORDERED that the Application filed herein by the Chapter 7 Trustee on September 26, 2018 (Doc # 20), is hereby APPROVED and the Chapter 7 Trustee is hereby AUTHORIZED to retain BK Global Real Estate Services in this case and the compensation arrangements set forth in the listing agreement and this application, pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code are hereby APPROVED.

IT IS BY THE COURT FURTHER ORDERED that the proposed Real Estate Listing Agreement is hereby APPROVED and the Chapter 7 Trustee is hereby AUTHORIZED to execute the same on behalf of this bankruptcy estate as he deems appropriate.

IT IS SO ORDERED.

###

SUBMITTED BY:


*s/ Christopher J. Redmond*
CHRISTOPHER J. REDMOND, KS BAR #7307
REDMOND LAW FIRM, LLC
6731 W. 121st Street, Suite 226
Overland Park, Kansas  66209
Telephone:  (913) 312-5675
Fax:  (913) 312-5841
christopher.redmond@christopherredmondlawfirm.com

*ATTORNEY FOR CHAPTER 7 TRUSTEE*